# Louisville Water Co. v. Robinson.

May 2, 1950.

Rehearing denied June 2, 1950.

B. H. Farnsley, Judge.

Robert P. Hobson and Woodward, Hobson & Fulton for appellant.

Walter Redmon and R. D. McAfee for appellee.

JUDGE CAMMACK—Affirming.

Lula Mae Robinson sustained a sacroiliac sprain when she fell in one of the Louisville Water Company's meter wells on April 10, 1948. She recovered a judgment for $2,400.00 against the Water Company. It is admitted that there was sufficient evidence to warrant the submission of the case to the jury. The Company vigorously contends, however, that the judgment is erroneous because (1) the appellee's counsel was guilty of gross misconduct in his closing argument to the jury; and (2) the verdict is so excessive as to indicate passion and prejudice, and probably was the result of the improper argument of the appellee's counsel.

The first question relates to the evidence of Kenneth A. Gnau, an employee of the Water Company. On cross-examination this witness was asked whether it was raining when he examined the broken cover on the water meter well on April 16th. After he said it was raining

on that date, counsel for the appellee handed him a sheet of paper headed ''Department of Commerce—Weather Bureau,'' apparently for the purpose of having the witness tell the jury what that paper showed about the rainfall on April 16th. Counsel for the appellant objected on the ground that the appellee's counsel was asking the witness to read something which he knew to be highly incompetent. The objection was sustained. During the closing argument of counsel for the appellee the Company's counsel objected to. a reference by the former to the weather report. The objection was sustained. The appellee's counsel then said, ''Who is trying to hide the facts in this case?'' The Company's counsel objected to this remark, which was sustained. He then moved the court to discharge the jury and reassign the case for trial, which motion was overruled. The question put to Mr. Gnau about the Weather Bureau report was incompetent, but the objection thereto was sustained. It was improper to refer to the paper in the closing argument to the jury, but an objection was again sustained. Likewise, it was improper to ask the question, ''Who is trying to hide the facts in this case?'' But here again an objection was sustained. The question is, Was the conduct of the appellee's counsel so highly improper as to warrant the discharge of the jury, notwithstanding the sustaining of objections of counsel for the Company. We think not, because the verdict does not strike us as being excessively large.

It is not disputed that the appellee sustained a sacroiliac sprain. She was fitted with a brace which she was wearing at the time of the trial. A doctor who examined her for the Company shortly after the injury said she had a sprained left sacroiliac. He saw her again in January following her injury and she was a good deal better then. When asked whether he thought she had completely recovered, his answer was, ''I did not think so.'' The opinion of this doctor was that the appellee would get over her injury, but that some of these injuries were pretty severe and sometimes became permanent. The point is made for the Company that the appellee lost little time from work. This may be, but, according to her testimony, her back was paining her at the time of the trial as it had done since she sustained her injury. Under the circumstances, we fail to see how it can be contended seriously that the verdict was particularly

large. This being the case, there is no ground for the contention that the misconduct of counsel for the appellee was such as to warrant a reversal of the judgment.

We do not think the case of Reeb v. Lane, 309 Ky. 740, 218 S. W. 2d 965, 967, is applicable here. In that case we reached the conclusion that the verdict was excessive. During the course of the opinion it was said: "In the present case doubtless the 'passion and prejudice' under which it seems the excessive verdict must have been returned were induced in part by misconduct of the plaintiff's attorney. * * *" The misconduct in the Reeb case was that, after the court had sustained an objection to a question asking the defendant if he would swallow a teaspoonful of a concentrated acid, counsel for the plaintiff made several indirect references to that question in his closing argument to the jury. Clearly that case is distinguishable from the one at bar because of the excessive verdict.

Judgment affirmed.

Chief Justice Sims dissenting.